UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LETICIA GONZALEZ, | § | |
| Plaintiff, | § | |
| v. | § | SA-25-CV-911-FB (HJB) |
| WAL-MART STORES TEXAS, LLC, | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns the Traditional Motion for Summary Judgment filed by Defendant Wal-Mart Stores Texas, LLC ("Wal-Mart"). (Docket Entry 11.) Pretrial matters have been referred to the undersigned for consideration. (*See* Docket Entry 13.) For the reasons set out below, I recommend that Defendant's motion (Docket Entry 11) be **GRANTED**, and that Plaintiff's case be **DISMISSED WITH PREJUDICE**.

## I. Jurisdiction.

Plaintiff filed this action in the 466th District Court in Comal County, Texas; Wal-Mart then removed the case to this Court based on diversity jurisdiction, pursuant to 28 U.S.C. § 1332. (*See* Docket Entry 1, at 1–2.) I have authority to issue this Report and Recommendation pursuant to 28 U.S.C. § 636(b).

## II. Factual Background.[1]

On the evening of February 21, 2024, Plaintiff fell while shopping at a Wal-Mart Supercenter in New Braunfels, Texas. (Docket Entry 11-2, at 1; Docket Entry 18, at 1–2.) The

[1] The pivotal event in this case was captured in a video recording (*see* Docket Entries 11-3, 11-4, and 22), which is named "Exhibit B-1" in the MP4 versions submitted to the Court. This

parties agree that Plaintiff's fall was caused by water that a customer had spilled on the ground. (Docket Entry 11, at 1; Docket Entry 18, at 1.) A video recording of the incident shows that, shortly after 8:37 P.M., an unidentified customer dropped and then immediately picked up an item (ostensibly a cup or bottle containing clear liquid) on a main aisle near the site of the Plaintiff's fall. (Exhibit B-1. 8:37:10.) A Wal-Mart employee was approximately ten feet away at the time, but was facing away from the site and discussing something with another customer. (*Id.*) The video shows four other customers in the vicinity. (*Id.*)

Nine seconds later, two customers walked down the main aisle by the site of the spill; one of the customers looked down, presumably at the clear liquid on the ground. (Exhibit B-1, 8:37:19.) The Wal-Mart employee remained nearby, but he was still facing the other direction and still in conversation with the other customer. (*Id.*) About ten seconds later, Plaintiff walked into the area from a side aisle. (*Id.* at 8:37:29.) She slipped and fell a second later. (*Id.* at 8:37:30.) The nearby Wal-Mart employee—and another Wal-Mart employee who was just arriving from much farther away and could not have seen any of the preceding events—immediately came to Plaintiff's aid and helped her back to her feet. (*Id.* at 8:37:37–8:37:43.)

Plaintiff filed suit against Wal-Mart for premises liability, alleging that the water on the ground made the aisle unreasonably dangerous, and that its employees failed to warn Plaintiff of the dangerous condition or make the condition reasonably safe. (Docket Entry 1-1, at 5.) Wal-Mart moved for summary judgment (Docket Entry 11), Plaintiff responded (Docket Entry 18), and Wal-Mart replied (Docket Entry 19).

---

Report and Recommendation therefore presents the facts in this section "in the light depicted by the videotape." *Bagley v. Guillen*, 90 F.4th 799, 802 (5th Cir. 2024) (citation modified).

**III. Summary Judgment Standard.**

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Allen v. U.S. Postal Serv.*, 63 F.4th 292, 300 (5th Cir. 2023) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A disputed fact is material if it "might affect the outcome of the suit under the governing law." *Allen*, 63 F.4th at 300 (quoting *Anderson*, 447 U.S. at 248). In short, the question for the Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.

In ruling on a motion for summary judgment, the Court generally "must view all facts and evidence in the light most favorable to the non-moving party." *Feist v. La., Dep't of Just., Off. of the Atty. Gen.*, 730 F.3d 450, 452 (5th Cir. 2013). "Unsubstantiated assertions, improbable inferences, and unsupported speculation," however, "are not sufficient to defeat a motion for summary judgment." *Heinsohn v. Carabin & Shaw, P.C.*, 832 F.3d 224, 234 (5th Cir. 2016). And "when there is video evidence in the record," as here, "courts are not bound to accept the nonmovant's version of the facts if it is contradicted by the video." *Crane v. City of Arlington, Tex.*, 50 F.4th 453, 461–62 (5th Cir. 2022) (citation modified), *cert. denied*, 144 S. Ct. 342 (2023); *see Scott v. Harris*, 550 U.S. 372, 378–79 (2007).

**IV. Discussion.**

To prevail on a premises-liability claim under Texas law, the plaintiff must prove four elements: (1) the property owner had actual or constructive knowledge of the injurious condition; (2) the condition posed an unreasonable risk of harm; (3) the property owner failed to take

reasonable care to reduce or eliminate the risk; and (4) the property owner's failure to use reasonable care was the proximate cause of the plaintiff's injuries. *McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 358 (5th Cir. 2017). Wal-Mart's motion turns on the first element, which requires actual or constructive knowledge. (Docket Entry 11, at 5.) "Actual knowledge requires knowledge that the dangerous condition existed at the time of the accident." *Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 397 (Tex. 2016) (quoting *City of Corsicana v. Stewart*, 249 S.W.3d 412, 414–15 (Tex. 2008)). "Circumstantial evidence establishes actual knowledge only when it directly or by reasonable inference supports that conclusion." *Duncan v. First Tex. Home*, 464 S.W.3d 8, 16 (Tex. App—Fort Worth 2015, no pet.). "[C]onstructive knowledge can be established by showing that the condition had existed long enough for the owner or occupier to have discovered it upon reasonable inspection." *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 102–03 (Tex. 2000).

Here, the parties do not dispute that the spill creating the dangerous condition occurred just moments—approximately 20 seconds in total—before Plaintiff's fall. (Docket Entry 11, at 1; Docket Entry 18, at 1–2.) And the video clearly shows that the only Wal-Mart employee in the vicinity was turned away from the site of the spill, and in conversation with another customer, for the entire 20-second span. (Exhibit B-1, 8:37:10–30.) The other employee who came to Plaintiff's assistance arrived in the area from much farther away, and had no prior opportunity to see the spill. (*See id.*) Under these circumstances, no reasonable jury could find that Wal-Mart's employees had actual knowledge of the dangerous condition.

Nor could a reasonable jury find that the Wal-Mart employees had constructive knowledge of the spill. To prove constructive knowledge, Plaintiff must show that Wal-Mart had time to discover and address the spill. *Shirey v. Wal-Mart Stores Tex., L.L.C.*, 699 F. App'x 427, 429 (5th

Cir. 2017) (per curiam). "How much time is sufficient to impute knowledge to a defendant depends on the circumstances, and Texas courts examine (1) the proximity of employees to the hazard; (2) the conspicuousness of the hazard; and (3) how long the hazard was in place in order to make this determination." *Id.* (citing cases). "A particularly conspicuous hazard, or an employee's close proximity to an inconspicuous hazard for a 'continuous and significant period of time,' may reduce the amount of time within which a 'premises owner should have become aware of the dangerous condition.'" *Id.* (citing *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 816 (Tex. 2002)).

In *Shirey*, video evidence showed that a green grape had fallen from a shopper's cart onto the Wal-Mart store's off-white floor. 699 F. App'x at 427. Thirty seconds later, a Wal-Mart employee walked past the grape but did not notice it. *Id.* About 17 minutes later, the plaintiff slipped on the grape, which was difficult to see on the off-white floor. *Id.* The court of appeals affirmed the trial court's grant of summary judgment to Wal-Mart, finding a lack of evidence to support any inference of constructive knowledge. *Id.* at 428–29. It concluded that "the [17] minutes during which the inconspicuous grape was on the floor did not afford Wal-Mart a reasonable time to discover and remove the hazard," and that "the few seconds during which the employee passed by the grape did not provide an objectively reasonable opportunity for him to see it, notwithstanding his employer's policy that he perform visual 'sweeps' for hazards." *Id.* at 429.

The reasoning of *Shirey* supports the grant of summary judgment in this case. *See Garcia v. Family Dollar Stores of Tex., LLC*, No. SA-22-CV-671-FB (HJB), 2025 WL 2434986, at *4 (W.D. Tex. Aug. 5, 2025) ("[I]f a hazard's presence for 17 minutes is not enough to impute constructive knowledge to premises owner then, *a fortiori*, neither is . . . . 20 seconds.") (citing *Robbins v. Sam's E., Inc.*, No. 21-20050, 2021 WL 3713543, at *2 (5th Cir. Aug. 20, 2021)), *report and recommendation adopted*, No. SA-22-CV-671-FB, 2025 WL 2434984 (W.D. Tex. Aug. 22,

2025). In *Shirey*, the green grape was on the off-white floor for 17 minutes before the accident; here a clear liquid was on the white floor for hardly 20 seconds. And while the video footage shows a Wal-Mart employee in the general area, the "few seconds" the hazard existed was not a significant enough a period of time to impute knowledge. 699 F. App'x at 429; *see Garcia*, 2025 WL 2434986, at *4 ( "[Twenty] seconds . . . . [wa]s simply too little time to impute constructive knowledge of the hazard to Family Dollar."). As the courts have made clear, "the rule in Texas is that temporal evidence, not proximity evidence, is the *sine qua non* of a premises owner's constructive knowledge." *Gonzalez v. Walgreen Co*., 140 F.4th 663, 672 (5th Cir. 2025) (citation modified).[2]

Plaintiff suggests that, since other customers apparently saw and avoided the spilled water during the 20 seconds before Plaintiff's fall, a jury could reasonably conclude that Wal-Mart's employees likewise should have discovered it. (Docket Entry 18, at 11.) But as discussed above, *Shirey* and its progeny suggest otherwise. *See, e.g.*, 699 F. App'x at 429; *Robbins*, 2021 WL 3713543, at *2; *Garcia*, 2025 WL 2434986, at *4. In any event, while the customer who appeared to notice the spill walked right over it, no Wal-Mart employee was in a similar position. And Plaintiff's suggestion that the spill was conspicuous enough for an employee to notice it during the 20 second window of opportunity in this case is also belied by the fact that Plaintiff herself clearly did not notice it. *See Garcia*, 2025 WL 2434986, at *4 n.3 ("[T]he fact that Plaintiff walked right up to [the hazard], stepped directly onto it . . . suggests that it was not particularly conspicuous.").

---

[2] And as Wal-Mart points out (Docket Entry 11, at 6), caselaw from within the state and circuit strongly suggests that evidence that a condition existed for even 10–20 minutes is generally insufficient to establish constructive knowledge. *See, e.g.*, *Shirey*, 699 F. App'x at 429 (17 minutes); *Brookshire Food Stores, L.L.C. v. Allen*, 93 S.W.3d 897, 901 (Tex. App.—Texarkana 2002, no pet.) (no longer than 15 minutes); *Robbins*, 2021 WL 3713543, at *2 (5th Cir. Aug. 20, 2021) (per curiam) (10 minutes); *Agbonzee v. Wal-Mart Stores Tex., L.L.C. #772*, No. 21-20395, 2022 WL 3137428, at *3 (5th Cir. Aug. 5, 2022) (per curiam) (12 minutes).

Plaintiff also suggests that it is reasonable to infer that, when the customer dropped the water container, it caused a "commotion" that "drew the attention of other customers in the area, more specifically the customer that the employee was talking to." (*Id.*) The video belies this claim suggestion. It shows no "commotion" whatsoever, and the customer to whom Plaintiff refers did not turn in response to the dropped contained, but did so instead to avoid two other customers who were passing close behind him. If anything the passing customers would have blocked the site of the spill from his field of vision. (Exhibit B-1, at 8:37:13–17) Indeed, the fact that the customer immediately returned to his conversation with the Wal-Mart employee tends to negate any supports inference that the customer saw the spill; after all, had he seen it, it is reasonable to assume he would have notified the employee who had not. In any event, "meager circumstantial evidence from which equally plausible but opposite inferences may be drawn is speculative and thus legally insufficient to support a finding" at the summary judgment stage. *Gonzalez*, 140 F.4th at 672 (citation modified).

Plaintiff finally suggests that Wal-Mart's motion should be denied or deferred as premature pursuant to Federal Rule of Civil Procedure 56(d)(1), contending that it was filed before Plaintiff "had a fair opportunity to conduct discovery," address "gaps" in the video record, and obtain additional evidence to support a theory of actual or constructive knowledge. (Docket Entry 18, at 7–8.) However, in the five months since Plaintiff filed its response, the deadline for discovery has closed, and Plaintiff has neither supplemented its response, nor moved to extend the discovery deadline, nor moved to compel any discovery that it allegedly needed. In light of these circumstances, Plaintiff's invocation of Rule 56(d) is unavailing.

## V. Conclusion and Recommendation.

For the foregoing reasons, I recommend that Wal-Mart's Traditional Motion for Summary Judgment (Docket Entry 11) be **GRANTED**, and that Plaintiff's case be **DISMISSED WITH PREJUDICE**.

## VI. Notice of Right to Object.

The United States District Clerk shall serve a copy of this Report and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this Report and Recommendation must be filed within **14 days** after being served with a copy of the same, unless this time period is modified by the District Court. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

The parties shall file any objections with the Clerk of the Court and serve the objections on all other parties. An objecting party must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; frivolous, conclusory, or general objections may be disregarded. *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the party from a *de novo* review by the District Court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking

on appeal the unobjected-to, proposed findings and conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED** on August 3, 2026.

Henry J. Bemporad
United States Magistrate Judge